SHERILYN PASTOR, ESQ.
**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 609-6800

*Attorneys for Plaintiff,*
*TK Elevator Corporation*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TKE ELEVATOR CORP., Plaintiff, vs. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA Defendant. | **Civil Action No.: 1:24-cv-175** **COMPLAINT & JURY DEMAND** |

Plaintiff T.K. Elevator Corporation, f/k/a Thyssenkrup Elevator Corp., New York Elevator & Electrical Corp., and Central Elevator Corp. ("Plaintiff" or "TKE"), by and through its undersigned attorneys, for its Complaint against Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), alleges as follows:

**NATURE OF THE ACTION**

1. After being ignored for over a decade, despite repeated tenders and requests for insurance coverage, TKE seeks damages resulting from National Union's misconduct and its breach of its contractual obligations under Policy Number GL 457-20-02 (the "Policy"). TKE is an additional insured under the Policy by virtue of its agreements with Courtyard by Marriott

LaGuardia Airport/NYC Hotel, LGA Hotel, LLC and/or L.A.G. Hotel Associates, Limited Partnership (individually and/or collectively, "LAG"). Contrary to its obligations and promises, National Union has failed and refused to accept its obligations and provide coverage, including a defense, to TKE for a lawsuit captioned *Salvador & Edelina Vera v. New York Elevator & Electrical Corp.*, et al, Index No. 16651/08 (N.Y. Supr. Ct., Kings Cty.) (the "*Vera* Action"). Not only does National Union owe TKE coverage, it is estopped from and has waived any rights to dispute its obligations to TKE.

2. TKE also seeks declaratory judgment, adjudicating the respective rights, duties and obligations of TKE and National Union under the Policy.

**JURISDICTION & VENUE**

3. This Court's jurisdiction is based upon 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Upon information and belief, Defendant National Union is an insurance company incorporated in Pennsylvania with its principal place of business in New York, New York, which conducted business in New York during all relevant time periods. National Union is licensed to do business and is doing business in New York. It is licensed and or authorized to issue insurance policies and it issues policies in this State.

5. Plaintiff TKE is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 111605 Haynes Bridge Road, Alpharetta, Georgia. TKE does business in New York; the underlying suit that is the subject of this action is pending in New York; and, the underlying suit relates to injuries allegedly sustained in New York.

6. National Union is subject to jurisdiction in New York by having acted for the purpose of realizing pecuniary benefit in this State, and by contracting to insure persons, property and/or risks located within New York.

7. Venue is properly in this district pursuant to 28 U.S.C. § 1391 because a substantial number of the events or omissions giving rise to the claim occurred here; National Union issued and sold the Policy from its New York County, New York offices; and, National Union is located in New York County, New York.

8. Jurisdiction and venue are proper in that the involved losses were suffered in New York; Defendant issued and sold the Policy here; and, its failures, breaches, and/or misconduct occurred in New York County, New York.

## FACTUAL BACKGROUND

9. TKE is engaged in the business of servicing and installing elevators, escalators and moving walks.

10. By written agreement with LAG, effective May 1, 1993, TKE agreed to service certain elevators at LAG's property located at located at 90-10 Grand Central Parkway, East Elmhurst, NY (the "Agreement").

11. LAG'S Agreement with TKE provides broad and express indemnity and insurance requirements.

12. Under the Agreement, LAG agreed to provide and maintain liability insurance for the benefit of TKE. Specifically, LAG agreed to "indemnify and insure [TKE] against all claims, demands, and liability for damages for death or bodily injury to persons . . . arising out of or in connection with the use, installation or maintenance of the elevator."

13. LAG purchased liability insurance to cover its insurance obligations to TKE, including National Union's Policy.

14. The Policy is an occurrence-based policy and it has a limit of $1,000,000 for each occurrence.

15. The Policy contains a broad Additional Insured endorsement, which affords additional insured coverage to any organization that LAG has become obligated to insure as a result of any contract.

16. TKE is an additional insured under the Policy.

17. LAG agreed in writing to add TKE as an insured to LAG's insurance policies, including National Union's Policy.

18. On April 29, 2006, the Agreement was in effect.

19. On April 29, 2006, while National Union's Policy also was in effect, Salvador Vera allegedly was injured on exiting an elevator at the Courtyard by Marriott LaGuardia Hotel.

20. In 2008, Salvador Vera and his wife filed suit alleging bodily injury arising from use and/or maintenance of an elevator at the Courtyard by Marriott LaGuardia Hotel.

21. National Union was provided with timely notice of the involved accident and the *Vera* suit.

22. TKE provided written notice to National Union of Salvador Vera's alleged accident and of the *Vera* suit, and sought coverage from National Union, by letters dated September 24, 2009 and April 6, 2011.

23. TKE provided written notice to LAG of its demands for indemnity and insurance for Salvador Vera's alleged accident and of the *Vera* suit, by letters dated October 30, 2006,

February 12, 2007, October 18, 2007, and September 24, 2009, some or all of which LAG shared with National Union.

24. National Union has not responded to TKE's requests for coverage at all, let alone in a timely manner.

25. National Union is, however, defending or reimbursing LAG's defense in the *Vera* suit.

26. National Union's unjustified delay in responding to TKE's coverage requests is contrary to and/or prohibited by N.Y. Insurance Law § 3420.

27. Having failed to respond to TKE's coverage demands in over a decade, National Union is estopped and/or barred from disavowing coverage to TKE, or National Union has waived any right to do so.

**FIRST COUNT**

28. TKE incorporates and re-alleges the allegations set forth in the foregoing Paragraphs as if fully set forth herein.

29. The Policy provides additional insured coverage to TKE for claims arising out of use and maintenance of the LAG elevators, including those involved in the *Vera* suit.

30. Any conditions requisite to coverage for TKE under the National Union Policy have been satisfied or waived.

31. National Union must provide coverage to TKE for the *Vera* suit up to the limit of the Policy.

32. National Union is obligated to (among other things) reimburse TKE for amounts it incurred and/or will incur in the defense of the *Vera* suit.

33. National Union is obligated to (among other things) reimburse TKE for amounts it incurs, if any, in connection with any judgment in or settlement of the *Vera* suit.

34. National Union has failed to accept its coverage obligations and failed to reimburse TKE's defense costs, breaching its obligations to TKE under the Policy.

35. Furthermore, Implied within the Policy is the National Union's covenant of good faith and fair dealing.

36. National Union owes a duty of good faith and fair dealing to its additional insured, TKE, and it must refrain from acting in bad faith.

37. National Union breached its contractual obligations and duties of good faith and fair dealings by acting in bad faith by (among other things):

- Failing to timely acknowledge the *Vera* suit and claim against TKE and coverage for it, conduct an appropriate investigation, and then offer coverage consistent with its obligations;
- refusing to promptly, properly and in good faith respond to its duties and obligations to TKE;
- acting unreasonably, unfairly, and in its own self-interest, rather than consistent with their obligations to TKE;
- failing to fairly, reasonable and promptly attend to its obligations to resolve and settle the *Vera* suit despite an opportunity to do so;
- failing and refusing to conduct an honest, intelligent, and good faith evaluation of, and to meet its obligations and duties to TKE, including its obligations to resolve and settle the *Vera* suit;
- engaging in efforts to avoid its obligations to TKE;

- putting its own interests and those of others before TKE's and acting inconsistent with the obligations owed to TKE;
- favoring one insured over another; and,
- compelling TKE to institute this litigation to protect its rights and recover amounts due it under the Policy.

38. As a result of National Union's breaches and misconduct, TKE has suffered and will continue to suffer harm and damages.

39. Such damages were within the contemplation of the parties at the time of contract and are the reasonable, probable, and foreseeable.

40. As a direct and proximate result of National Union's actual and continuing breach and misconduct, TKE has incurred and will continue to incur substantial costs and damages including, among others, those costs, fees, and amounts spent defending and/or resolving the *Vera* suit; and reasonably foreseeable consequential damages, such as but not limited to attorneys' fees and other costs and expenses of prosecuting this action.

WHEREFORE, TKE respectfully requests that the Court enter judgment against National Union and in favor of TKE, and grant the following relief:

- Award TKE compensatory and consequential damages in an amount to be determined;

- Award TKE its costs, expenses and attorneys' fees incurred herein;
- Award pre- and post-judgment interest; and
- Grant such other and further relief as the Court deems just and proper.

**SECOND COUNT**

41. TKE incorporates and re-alleges the allegations set forth in the foregoing Paragraphs as if fully set forth herein.

42. National Union has failed to honor and/or has unreasonably delayed recognizing its obligation to provide coverage to TKE.

43. It has failed to offer even a coverage position.

44. By reason of the foregoing, an actual and justiciable controversy exists between TKE and National Union regarding their rights, duties and obligations under the National Union Policy, and a judicial declaration is necessary to determine TKE's rights and National Union's duties and obligations under the National Union Policy regarding TKE's Coverage Claim.

45. TKE seeks a judicial determination of the parties' rights and obligations with regard to an actual controversy arising out of the Policies.

46. An actual, present and justiciable controversy exists between TKE and Defendants with respect to the Defendants' respective duties and obligations to TKE under the Policies.

47. The issuance of relief by this Court will resolve the existing controversy between the parties.

WHEREFORE, TKE respectfully requests that the Court enter judgment against National Union and in favor of TKE, and grant the following relief:

- Declaration that TKE is entitled to insurance coverage under the Policy for, among other things, all amounts that TKE incurred (and continues to incur) in defense and/or indemnification of the *Vera* suit; and

- An award of monetary relief as necessary and consistent with the Court's declaration of the parties' rights and obligations.

**JURY DEMAND**

TKE hereby requests a trial by jury on all issues so triable.

**McCARTER & ENGLISH, LLP**
Attorneys for Plaintiff

By: */s/ Sherilyn Pastor*
Sherilyn Pastor
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Dated: January 9, 2024